**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Albino Carrillo and**
**Caryn Cathlene Connelly,**

CV. 00-372 ADM/AJB

**Plaintiffs,**

**v.**

**Richard Lillard, Jr., Individually and in his capacity as a police officer with the City of Minneapolis, Minnesota; Marcus Scott Benner, Individually and in his capacity as a police officer with the City of Minneapolis, Minnesota; and the City of Minneapolis,**

**Defendants.**

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

---

Plaintiffs Albino Carillo and Caryn Cathlene Connelly and Defendants City of Minneapolis, Richard Lillard and Marcus Scott Benner by and through their undersigned counsel, hereby agree and stipulate as follows:

1. Plaintiff has requested production of certain files and Request for Production of Documents that call for the production of data that Defendant City of Minneapolis claims is private data about individuals other than Plaintiff, pursuant to Minn. Stat. §13.43.

2. Defendant hereby agrees to make available to Plaintiff's attorneys for inspection and copying the following documents, if such documents exist, under certain terms and conditions specified below:



FILED JUN 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Documents contained in civilian review authority and internal affairs division files relating to Marcus Scott Benner.

Documents contained in civilian review authority and internal affairs division files relating to Richard Lillard.

3. The production of the foregoing documents shall be on the following terms and conditions.

a. The documents to be produced in response to this Order shall be considered "Confidential Materials" under the terms of this Order, and this Order shall govern the examination and use of such documents.

b. Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d, below. The Confidential Materials shall not be disclosed to any other person unless and until otherwise agreed by the defendants or ordered by the court hearing the action. It is expressly understood that the plaintiff may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If plaintiff's counsel wishes to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the

deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated as "Confidential", and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Person" as defined herein. "Qualified Persons" are:

I. The court (subject to the provisions of subparagraph g hereof);

ii. The Plaintiff;

iii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iv. Court reporters employed in connection with any deposition in the action; and

v. Any other person that the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraphs g and h hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

g. Nothing contained in this order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or a trial, provided that:

I. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph b of this order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this Order.

4. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

5. Nothing herein shall be construed to affect in any way defendant's rights to object to the admissibility of any document, testimony or other evidence at trial.

6. If plaintiff receives a subpoena or other court process that arguably calls for the production of Confidential Materials, plaintiff shall give the defendant at least ten (10) days notice before producing any such Confidential Materials.

7. Upon termination of this litigation, counsel for plaintiff shall return all Confidential Materials and copies thereof to defendants' counsel.

8. The designation of any document, information or thing as confidential under this order is for purposes of this protective order only, and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart form the application of this order.

Dated: 6/20/2000

By:

FREDERICK J. GOETZ
Attorney Registration # 185425
2124 Dupont Avenue South
Minneapolis, Minnesota 55405
(612) 874-1552

ATTORNEY FOR PLAINTIFFS

Dated: June 20, 2000

JAY M. HEFFERN
City Attorney
By Susan L Walgrave
SUSAN L. WALGRAVE
Attorney Registration # 0234254
JAMES A. MOORE
Attorney Registration # 16883X
Assistant City Attorneys
300 Andersen Consulting Tower
333 South Seventh Street
Minneapolis, MN 55402-2453
(612) 673-3230

ATTORNEYS FOR DEFENDANTS

**ORDER**

**IT IS HEREBY ORDERED,** pursuant to the foregoing Stipulation, the Defendants shall produce the above-described documents pursuant to the protections set forth above.

Dated: 6/26/00

Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.